■ In the Matter of ROBERT PLANSKER, Respondent, v COUNTY OF SUFFOLK et al., Appellants. [773 NYS2d 128]—

In a proceeding pursuant to CPLR article 78 to review a determination of the County of Suffolk, District Attorney Thomas Spota, and Personnel Officer Alan Schneider, which, without a hearing, declined to reinstate the petitioner to the civil service position of detective investigator and terminated his employment with the County of Suffolk effective December 31, 2001, the appeal is from so much of a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated December 3, 2002, as granted that branch of the petition which was to determine that the petitioner's employment was terminated no earlier that January 1, 2002, and directed that the petitioner's employment records be amended to reflect that fact.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioner, Robert Plansker, was initially hired by the respondent County of Suffolk in September 1988 as a detective investigator, a competitive civil service position. Prior thereto, the petitioner had been employed as a New York City Police Officer for 29 years. On June 26, 1995, the petitioner was appointed by the then-Suffolk County District Attorney James M. Catterson, Jr., to the position of chief detective investigator, which is a noncompetitive position. Thomas Spota was elected District Attorney in November 2001 for a term commencing January 1, 2002. On December 3, 2001, the petitioner requested that Catterson relieve him of his duties as chief detective investigator and return him to his former position of detective investigator. Personnel Officer Alan Schneider advised Catterson that the petitioner's reinstatement would have to be approved by Suffolk County Executive Robert Gaffney. Gaffney refused its authorization.

Thereafter, the petitioner was advised by District Attorney-elect Spota that his services would no longer be required once

he took office. Spota directed the petitioner to tender his resignation effective December 31, 2001. The petitioner refused to do so and requested that his employment be extended to January 1, 2002, so that he could be eligible for longevity pay. His request was denied. The petitioner submitted timesheets reflecting employment through January 3, 2002. The respondents retroactively adjusted his timesheets to reflect employment terminating on December 31, 2001.

This proceeding ensued seeking the petitioner's reinstatement to the position of detective investigator or in the alternative, a declaration that the petitioner's earliest date of termination be January 1, 2002. The only issue before us is the Supreme Court's determination that the petitioner's employment was terminated no earlier than January 1, 2002, and that his employment records be adjusted to reflect that fact. The Supreme Court's determination on this issue was proper.

Pursuant to County Law § 400 (1-a), the term of office of the District Attorney commenced on the first day of January following the general election. It is undisputed that Spota was elected District Attorney in November 2001 and commenced his term of office on January 1, 2002. Prior to the date he took office, Spota did not have the authority to terminate the petitioner's employment. Thus, the Supreme Court properly determined that the petitioner's employment was terminated no earlier than January 1, 2002. Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.